**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK GUILLORY,**

                                        **Plaintiff,**

        **vs.**                                                **9:11-CV-600**
                                                               **(MAD/ATB)**

**KURT ELLIS, Cleric, Mid-State Correctional**
**Facility; KYLE READY, Correctional Officer,**
**Mid-State Correctional Facility; THEDA KUPIEC,**
**Senior Mail Room Supervisor, Mid-State**
**Correctional Facility; SHEILA MARLENGA,**
**Facility Steward, Mid-State Correctional Facility;**
**MAUREEN BOLL, Deputy Commissioner,**
**Department of Corrections and Community**
**Supervision; and BRIAN FISCHER,**
**Commissioner, Department of Corrections and**
**Community Supervision,**

                                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**PATRICK GUILLORY**
**09-B-0714**
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **WILLIAM J. MCCARTHY, JR., AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants


**Mae A. D'Agostino, U.S. District Judge:**


**MEMORANDUM-DECISION AND ORDER**

# I. INTRODUCTION

On November 4, 2011, Plaintiff *pro se* filed a motion for a Temporary Restraining Order ("TRO"), and on December 29, 2011, Plaintiff filed a motion for summary judgment relating to his civil rights complaint.  In his civil rights complaint, Plaintiff alleges that Defendants subjected him to religious discrimination, denied him access to courts, and retaliated against him for exercising his First Amendment Rights.  *See* Dkt. No. 48-1; Dkt. No. 54 at 1.

Magistrate Judge Baxter issued a Report-Recommendation dated March 22, 2012, recommending that the Court deny both motions.  *See* Dkt. No. 54 at 2.  Currently before the Court are Plaintiff's objections to Magistrate Judge Baxter's March 22, 2012 Report-Recommendation.[1]

# II. BACKGROUND

A.      **Factual Background**

In a September 27, 2011 Decision and Order, the Court dismissed some of Plaintiff's claims "with prejudice" and some "without prejudice with leave to replead," and allowed the following claims to proceed without amendment to the complaint:

(1)      Plaintiff's First Amendment Free Exercise Clause and Religious Land Use and Institutionalized Persons Act ("RLUIPA")[2] claim against Defendant Ready regarding the events of December 7, 2010;

(2)      Plaintiff's First Amendment Free Exercise Clause and RLUIPA claims against Defendant Ellis regarding the events of March 20, 2011;

_____

[1] Plaintiff's objections to Magistrate Judge Baxter's Report-Recommendation were filed with the Court on March 27, 2012, as well as supplemental objections to the same, filed with the Court on April 3, 2012 and May 21, 2012.  *See* Dkt. Nos. 56, 58 & 70.

[2] 42 U.S.C. § 2000cc (2006).

2

(3)     Plaintiff's claim that Defendant Ready denied Plaintiff the right to attend a religious service on December 7, 2010 in retaliation for filing a grievance;

(4)     Plaintiff's Equal Protection claim against Defendant Ready;

(5)     Plaintiff's claim that Defendants Kupiec and Marlenga lost or destroyed Plaintiff's property in retaliation for filing grievances;

(6)     Plaintiff's claim that Defendants Kupiec and Marlenga interfered with Plaintiff's right to send and receive mail;

(7)     Plaintiff's claim that Defendants Kupiec and Marlenga denied Plaintiff access to the courts, and

(8)     Plaintiff's claims against defendants Fischer and Boll (except those claims relating to the allegedly inadequate grievance system).

*See id.* at 41 n.11.  For a more complete discussion of the underlying claims, the Court directs the parties to the Court's September 27, 2011 Decision and Order.

**B.      Magistrate Judge Baxter's Report-Recommendation**

In his Report-Recommendation date March 22, 2012, Magistrate Judge Baxter recommended that the Court deny Plaintiff's motions for summary judgement and for a TRO.  *See* Dkt. No. 54 at 2.

Regarding the current motion for a TRO, this is the third of its kind that Plaintiff has filed. *See* Dkt. 35; Dkt. No. 54 at 3 n.3.  Magistrate Judge Baxter noted that the Court previously denied Plaintiff's other two motions for injunctive relief based on Plaintiff's transfer from Mid-State Correctional Facility to Gouverneur Correctional Facility.  *See* Dkt. No. 54 at 5.  Citing to *Day v. Chaplin*, 354 Fed. Appx. 472, 473 (2d Cir. 2009), the Court held that an inmate's request for injunctive relief against a particular correctional facility becomes moot upon transfer or discharge to a different correctional facility.  As with his previous motions, Magistrate Judge Baxter equally found that Plaintiff's third motion for a TRO is moot.  *See* Dkt. No. 54 at 5.

3

Magistrate Judge Baxter based his decision on several factors, including that the motion for injunctive relief was not directed at the original defendants because Plaintiff had been transferred to a new correctional facility, and the "'new' alleged deprivations" that had occurred after the issuance of the Court's previous order "were over." *See id.* at 5-6. Magistrate Judge Baxter also found that Plaintiff's concerns of possible future retaliation are "too speculative to warrant injunctive relief." *See id.* at 6 (citing *Smolen v. Dildine*, No. 11-CV-6434, 2011 WL 6030112, *2 (W.D.N.Y. Dec. 5, 2011) (other citations omitted)).

As to the motion for summary judgment, Magistrate Judge Baxter's Report-Recommendation recommends that the Court find that there are questions of fact remaining with regards to certain claims, and that Plaintiff has not met his burden entitling him to summary judgment with respect to other claims. *See id.* at 10, 11, 12, 16.

Regarding the claims involving an alleged violation of Plaintiff's First Amendment Free Exercise rights under RLUIPA, Magistrate Judge Baxter recommended, with respect to the December 7, 2010 incident involving Defendant Ready,[3] that "[P]laintiff's own exhibits show that there is a question of fact regarding these issues." *See id.* at 9-10. With respect to the March 20, 2011 incident involving Defendant Ellis,[4] Magistrate Judge Baxter examined Plaintiff's grievance, and the investigation report of that grievance, which indicated that the Rabbis arrived late for the

---

[3] On December 7, 2010, Plaintiff was denied attendance to religious services by Defendant Ready despite his name appearing on a call-out list for such services. *See* Dkt. No. 54 at 9-10 (citing Compl. at ¶¶ 37-47).

[4] On March 20, 2011 Plaintiff was permitted a scheduled visit with a Rabbi for a Purim celebration, but the service was cut short by Defendant Ellis. *See* Dkt. No. 54 at 10 (citing Compl. ¶ 65). Plaintiff filed a grievance with Mid-State's Superintendent regarding Defendant Ellis' action. *See* Dkt. 48-1 at ¶¶ 19, 20.

Purim celebration.[5]  *See* Dkt. No. 48-2, Ex. B.  Magistrate Judge Baxter concluded that it is clear

a question of fact remains regarding Defendant Ellis' conduct, and thus Plaintiff's motion should

be denied.  *See* Dkt. No. 54 at 11.

Regarding the claims involving retaliation, Magistrate Judge Baxter stated that the "fact

that corrective action was taken after a grievance by plaintiff, without more, does not prove that a

constitutional or statutory violation occurred."  *See id.*  Additionally, although an "alleged adverse

action occurred in close proximity to the protected conduct," this does not "necessarily prove

plaintiff's claim by a preponderance of the evidence."  *See id.* at 12 (citing *Davis v. Goord*, 320

F.3d 346, 352-54 (2d Cir. 2003); *Jackson v. Goord*, No. 06-CV-6172, 2011 WL 4829850, *17

(W.D.N.Y. Oct. 12, 2011); *Brown v. Graham*, No. 9:07-CV-1353, 2010 WL 6428251, *16-20

(N.D.N.Y.  Mar. 30, 2010)).  Accordingly, Magistrate Judge Baxter recommended that the Court

find Plaintiff is not entitled to summary judgment on his retaliation claims.  *See id.*

Addressing the access to courts/mail claims, Magistrate Judge Baxter noted that a

constitutional violation of denying access to the courts requires that Plaintiff show Defendants'

conduct was deliberate and malicious, and resulted in injury to Plaintiff.  *See id.* at 13-14 (citing

*Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008)).  Magistrate Judge Baxter

recommended that the Court find that a question of fact still exists, noting that just because

Plaintiff received a reimbursement for the certified mail from Defendant Kupiec does not mean

she was responsible for the error. *See id.* at 14.[6]  As such, Magistrate Judge Baxter determined

---

[5] The Purim celebration commenced upon the arrival of the Rabbis.  *See* Dkt. No. 48-2, Ex. B.

[6] Magistrate Judge Baxter also noted that Plaintiff filed a motion to dismiss his own complaint with prejudice in his case before the Court of Claims.  *See id.* at 14.  Magistrate Judge Baxter stated that "Plaintiff cannot ask the Court of Claims to dismiss his action and then blame

(continued...)

that a question of fact exists regarding causation in Plaintiff's access to the courts claim.  *See id.* at

15.  Magistrate Judge Baxter also came to the same conclusion regarding Plaintiff's claim that

Defendant Kupiec destroyed his mail in retaliation for his complaints.  *See id.*

 With respect to the claims made against the supervisory officials, Magistrate Judge Baxter

noted that "[p]ersonal involvement is a prerequisite to the assessment of damages in a section

1983 case, and *respondeat superior* is an inappropriate theory of liability."  *See id.* at 16 (citing

*Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)) (other citations omitted).  Magistrate Judge

Baxter recommended the Court find that, "[b]ecause questions of fact remain regarding the

individuals who allegedly committed the violations, and [D]efendants' Boll and Fischer's liability

depends on the liability of their subordinates, [P]laintiff has not shown that he is entitled to

summary judgment against these two [D]efendants."  *See id.* at 17.


**C.** **Plaintiff's objections to Magistrate Judge Baxter's Report-Recommendation**

 Plaintiff filed objections to Magistrate Judge Baxter's March 22, 2012 Report-

Recommendation on March 27, 2012, and supplemental objections on April 3, 2012.  *See* Dkt.

No. 56; Dkt. No. 58.  Plaintiff's sixteen objections are as follows: 1) his request for injunctive

relief was, in fact, directed at the original Defendants in the complaint; 2) his motion for a TRO is

seeking to maintain the status quo regardless of whether the alleged deprivations are new, old, or

pending; 3) he was not merely speculating about retaliation after the Court issued its September

27, 2011 Order, after which he was allegedly denied food for 104 hours; 4) he has met his burden

for the Court to issue a TRO; 5) Defendants' failure to submit an affidavit in opposition to

---

[6](...continued)
the defendant for the 'injury'" if such injury does in fact exist.  *See id.* at 15.

summary judgment and Defendants' had an adequate opportunity to conduct discovery; 6) the Court is promoting discovery abuse by issuing the Report-Recommendation since Defendants' request for an extension of time was not granted, nor has the pretrial discovery and scheduling order been amended for a continuance; 7) the Report-Recommendation prejudicially advocates for Defendants to be given an extension of time to respond to discovery, to be given an extension of time to respond to the application for summary judgment, and to be given the chance to affix an affidavit to support such extension; 8) summary judgment regarding the retaliation claims against Defendant Ready should be because on the Department of Corrections and Community Supervision ("DOCCS") Office of Counsel's response indicating that corrective action was taken in response to Plaintiff's grievance and this is an admission to malfeasance on Defendant Ready's part; 9) summary judgment should be granted in Plaintiff's favor against Defendant Ellis because the law sets forth that where a non-moving party willfully fails to respond adequately to a properly filed motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute; 10) the Report-Recommendation violates Local Rule 7.1(a)(1) in that it contains citations to decisions exclusively reported on computerized databases, and copies of those decisions were not affixed to the Report-Recommendation, and the Report-Recommendation fails to support its denial of Plaintiff's motion as to the retaliation claims with any relevant facts; 11) the grievance response received containing an apology from Defendant Kupiec regarding her action of not mailing Plaintiff's Notice of Intention to File a Claim as instructed and the letter from Defendant Kupiec apologizing for destroying Plaintiff's test scores are admissions to his mail claims against Defendant Kupiec; 12) the Report-Recommendation sends the message that Defendants have special privileges with respect to discovery, and Magistrate Judge Baxter will go against his own

7

prior text orders to support such abuse; 13) specifically detailed Defendants Boll and Fischer's personal involvement regarding the liability of their subordinates, and thus there is no question of material fact regarding this issue; 14) granting Defendants' second letter motion for an extension, without an accompanying affidavit, is a double standard and is not in compliance with this Court's rules; and 15) the Report-Recommendation should be reversed in the interest of justice because the Federal Rules of Civil Procedure and the Northern District Local Rules should apply equally to both *pro se* litigants and prisoners, as well as state defendants.  *See* Dkt. No. 56 at 3-34; Dkt. No. 58 at 3-7.

In his supplemental objections filed on March 21, 2012, Plaintiff claims that he "received some documents from Defendants' Counsel . . . which proves that more Jews are being starved throughout the Department of Correction and Community Supervision (DOCCS) when the said individuals file grievances."  *See* Dkt. No. 70 at 2.  Plaintiff claims that the two emails from DOCCS employees discussing two complaints filed by other inmates at Mid-State regarding issues similar to those in the present matter.  *See id.* at Exhibit "A."

### III. DISCUSSION

**A.	Review of a Magistrate Judge's Decision**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection in made."  28 U.S.C. § 636(b)(1) (2006). However, when a party files "[g]eneral or conclusory objection or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court review those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**B.**     **Injunctive Relief**

    **1.**     **Standard of Review**

A party seeking injunctive relief must demonstrate 1) irreparable harm; and 2) either a) a likelihood of success on the merits of the claims, or b) existence of serious questions going to the merits of the claims, and a balance of hardships tipping decidedly in moving party's favor.  *See D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-012E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

A higher standard than ordinarily required must be met "where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act." *Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (citation omitted).  To meet such a higher standard, the moving party must "show[] 'clearly' that he or she is entitled to relief or that 'extreme or very serious damage' will result from a denial of the injunction."  *Id.* at 133 (other citations omitted).  Additionally, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47, 114 S. Ct. 1970, 1983-84, 128 L. Ed. 2d 811 (1994)) (other citations omitted).

2.      **Application**

Regarding Plaintiff's current motion, this Court agrees with Magistrate Judge Baxter's finding that Plaintiff has not met his burden showing that he is entitled to injunctive relief.  The Second Circuit has repeatedly held that "a transfer from a prison facility moots an action for injunctive relief against the transferring facility."  *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *see, e.g.*, *Day v. Chaplin*, 354 Fed. Appx. 472, 473-74 (2d Cir. 2009) (other citations omitted).  Since the alleged unconstitutional and retaliatory acts occurred while Plaintiff was incarcerated at Mid-State, his transfer to Gouverneur renders his application for a TRO moot.

Moreover, Plaintiff has directed his motion for a TRO to individuals not included in the original complaint, with the exception of Defendants Boll and Fischer.[7]  *See* Dkt. No. 35-1 at ¶¶ 4-7.  As such, this Court agrees with Magistrate Judge Baxter's finding that "[i]f additional individuals denied [P]laintiff his constitutional right to practice his religion, he may move to supplement his complaint or bring a separate action against individuals at Gouverner."  *See* Dkt. No. 54 at 7.  Even if Plaintiff's motion for a TRO was directed at Defendants in this action, Plaintiff has failed to establish an imminent threat of irreparable harm or that other serious injury that would result if injunctive relief is not granted because the alleged new deprivations have already occurred.

---

[7] Magistrate Judge Baxter's Report-Recommendation noted that original Defendants Boll and Fischer are employees of DOCCS, and are not located at any specific facility.  *See* Dkt. No. 54 at 5 n.9 (citing Dkt. No. 45 at ¶¶ 40-48).  Magistrate Judge Baxter further noted that Plaintiff's claim that Defendants Boll and Fischer approve all transfers – even if true – is not proof that they were responsible for subsequent denials of Plaintiff's religious rights by individuals at Gouverneur.  *See* Dkt. No. 54 at 6 n.10.

Finally, Plaintiff's concerns of possible future retaliation are too speculative to warrant injunctive relief, since no imminent threat is posed.  *See Smolen v. Dildine*, No. 11-CV-6434, 2011 WL 6030112, *2 (W.D.N.Y. Dec. 5, 2011) (citations omitted).

For the foregoing reasons, Plaintiff's motion for preliminary injunctive relief is denied.


**C.      Summary Judgment**

*1. Standard of Review*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried."  *Id.* at 36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in

the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### 2. Application

#### a. Sufficiency of Defendants' response

In his objection, Plaintiff argues that because Defendants failed to submit an affidavit in support of their response in opposition to summary judgment the Court must grant his motion. *See* Dkt. No. 56 at 12-15. While not issuing a formal response, Defendants submitted a letter to Magistrate Judge Baxter, stating that Plaintiff's motion for summary judgment is premature and

12

should be denied because they have not had the opportunity to conduct discovery.  *See* Dkt. No.

49 at 1.

> The Second Circuit has held that,

>> a party resisting summary judgment on the ground that it needs
>> discovery in order to defeat the motion must submit an affidavit
>> showing "'(1) what facts are sought [to resist the motion] and how
>> they are to be obtained, (2) how those facts are reasonably expected
>> to create a genuine issue of material fact, (3) what effort affiant has
>> made to obtain them, and (4) why the affiant was unsuccessful in
>> those efforts.'"

*Gurary v. Winehouse*, 190 F.3d 37, 43-44 (2d Cir. 1999) (quoting *Meloff v. New York Life Ins.*

*Co.*, 51 F.3d 372, 375 (2d Cir. 1995)) (other citations omitted).  Defendant's response to Plaintiff's

motion for summary judgment only consisted of a letter to Magistrate Judge Baxter, citing to case

law and Rule 56(f) of the Federal Rules of Civil Procedure, indicating that summary judgment

should not be granted because they have not been afforded adequate opportunity to conduct

discovery.  Defendants failed to attach a Rule 56(f) affidavit to their response, and the letter did

not address facts to be sought with additional discovery that would create a genuine issue of

material fact.  *See* Dkt. No. 49 at 1-2.[8]

Although Plaintiff is correct that Defendants' response was deficient, Plaintiff is still not

entitled to summary judgment.  Four days before the response deadline, Magistrate Judge Baxter

issued a text order providing that "[n]o further submissions are required or allowed . . . ."  Clearly,

---

[8] Defendants referenced Rule 56(f) in the response letter to Magistrate Judge Baxter.
However, "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum
of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule
56(f) affidavit."  *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (citing
*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925 (2d Cir. 1985)).
As such, "the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a
claim that the opportunity for discovery was inadequate."  *Burlington Coat Factory Warehouse
Corp. v. Esprit De Corp.*, 769 F.2d 919, 925 (2d Cir. 1985) (other citations omitted).

Magistrate Judge Baxter believed, as does the Court, that Plaintiff's motion was premature and fell short of carrying his burden; and, therefore, did not require a formal response.  Defendants' failure to comply with Rule 56(f) does not obviate Plaintiff's burden of proof, which he failed to meet.  *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (holding that "[a]n unopposed summary judgment motion may also fail where the undisputed facts fail "'to show that the moving party is entitled to judgment as a matter of law"'" (quotations omitted)); *see also Giannullo*, 322 F.3d at 140-41 (holding that the "non-movant is not required to rebut an insufficient showing").

### b. Religion

Prisoners are certain constitutional protection with regards to the First Amendment Free Exercise Clause.  *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).  "RLUIPA protects inmates by providing that a government shall not 'impose a substantial burden' on the 'religious exercise' of inmates in certain institutions unless the government shows that the burden furthers a compelling governmental interest by the least restrictive means."  *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) (quoting 42 U.S.C. § 2000cc-1(a) (2006)); *see e.g.*, *Brown v. Graham*, No. 9:07-CV-1353, 2010 WL 6428251, *15 (N.D.N.Y. Mar. 30, 2010) (citation omitted).  Plaintiff claims that his First Amendment Free Exercise rights under RLUIPA were violated by Defendants Ready and Ellis.

With respect to the incident that occurred on December 7, 2010, involving Defendant Ready's refusal to allow Plaintiff to attend religious services, this Court agrees with Magistrate Judge Baxter's findings that a question of fact remains based on the exhibits Plaintiff submitted. Specifically, the investigation report issued in response to Plaintiff's grievance about the matter

indicates that the call-out list for Jewish Services on December 2, 2010 was not distributed following normal procedure. *See* Dkt. No. 1, Ex. L. As a result of this error, the call-out list was hand delivered to housing units, but not the program areas, where Plaintiff was at the time of the incident. *See id.* The report also indicates that there was insufficient evidence "to substantiate any malfeasance by staff" and that there was "no malice intended." *See id.*

Plaintiff asserts that DOCCS Office of Counsel's response, indicating that corrective action was taken regarding this incident, is an admission to unconstitutional acts. *See* Dkt. No. 56 at 17-18. A statement indicating that corrective action was taken is not necessarily the equivalent of an admission to unconstitutional conduct. Additionally, in his objection, Plaintiff claims that the DOCCS Office of Counsel overruled the superintendent's decision regarding the grievance. *See id.* at 18. This claim, however, is untrue. Plaintiff's own exhibit shows that the Central Office Review Committee ("CORC") upheld the decision of the superintendent regarding this grievance, and stated that it had "not been presented with sufficient evidence to substantiate that [Plaintiff] was purposefully denied attendance to the callout or discriminated against by staff." *See* Dkt. No. 1, Ex. S. Thus, there remains a question of material fact regarding the incidents of December 7, 2010, and Plaintiff's objection regarding the incident is unfounded.

Similarly, regarding the incident that occurred on March 20, 2011, it is clear from Plaintiff's own submissions that a question of fact still remains regarding Defendant Ellis' conduct. Plaintiff claims that the religious services scheduled for March 20, 2011 were intentionally cut short by Defendant Ellis in an expression of anti-Semitic behavior. *See* Dkt. No. 1 at ¶ 65. However, the investigation report in response to Plaintiff's grievance indicates that the Rabbis arrived late for the services, and inmates were sent back to their housing units until they arrived. *See* Dkt. No. 48-2, Ex. D. As such,

15

Based on the foregoing, the Court finds that Plaintiff has failed to establish that there are no issues of material fact and is, therefore, not entitled to summary judgment on this claim.

### c. Retaliation

The Second Circuit has held that retaliation against a prisoner for filing a grievance is a violation of that prisoner's First Amendment right to petition the government for redress. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (citing *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988)). To establish a claim of retaliation, the plaintiff must establish "(1) that the disciplined conduct was constitutionally protected, and (2) that his punishment was motivated, in whole or in part, by his conduct – in other words, that the prison officials' actions were substantially improper retaliation." *Id.* Additionally, there must be a causal connection between the protected activity and the adverse action. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

Plaintiff claims he was subjected to several instances of retaliation, including the following: (1) the events of March 20, 2011, for filing an earlier grievance against Defendant Ellis, and C.O. Johnston;[9] (2) improperly mailing out Plaintiff's Notice of Intent to File a Claim in retaliation for filing grievances; (3) Defendant Kupiec's destruction of two of Plaintiff's packages in retaliation for filing a Notice of Intent to File a Claim and grievances; and (4) the tearing of Plaintiff's mail in retaliation for filing grievances. *See* Dkt. No. 48-1 at ¶¶ 20, 22, 23, 97.

---

[9] Plaintiff's grievance number MS-20189-10 was filed in response to Defendant Ellis' and C.O. Johnston's refusal to permit Plaintiff to remain in the law library when he was excused from work and/or programs in accordance with the Jewish Holiday. *See* Dkt. No. 1, Ex. F.

Again, Plaintiff has failed to establish that there are no issues of material fact regarding the above mentioned events.  Plaintiff has failed to put forth evidence indicating that these events "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights."  *Davis v. Goord*, 320 F.3d at 353 (quoting *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)).  In fact, evidence of the exact opposite exists in that Plaintiff continually filed grievances for acts he thought were in violation of his rights.  Plaintiff is merely relying on the fact that these events occurred in close proximity to protected conduct, and such reliance "does not strongly establish [a] causal nexus."  *Jackson v. Goord*, No. 06-CV-6172, 2011 WL 4829850, *17 (W.D.N.Y. Oct. 12, 2011).

### d. Access to Courts/Mail Claims

"Under the First Amendment, prisoners have a right to 'the free flow of incoming and outgoing mail.'"  *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (quoting *Davis v. Goord*, 320 F.3d at 351).  A prisoner's right to send and receive mail can be regulated, if such regulation "is reasonably related to legitimate penological interests."  *Id.* (quoting *Rodriguez v. James*, 83 F.2d 8, 12 (2d Cir. 1987) (other quotation omitted)).  To establish such a claim, it must be shown that "the defendant's conduct was deliberate and malicious, and that the defendant's actions resulted in an actual injury to the plaintiff."  *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Davis v. Goord*, 320 F.3d at 351).  Actual injury is established by demonstrating that the plaintiff's efforts in pursing a nonfrivolous claim were frustrated as a result of the defendant's actions.  *See id.* (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

With respect to non-legal mail, a "prison official's interference with an inmate's mail may violate his First Amendment right to free speech, which includes the 'right to be free from

17

unjustified governmental interference with communication.'" *Cancel v. Goord*, No. 00 CIV 2042, 2001 WL 303713, *5 (S.D.N.Y. Mar. 29, 2001) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993)).  "In order for an inmate to state a claim for interference with incoming non-legal mail he must show a pattern and practice of interference that is not justified by any legitimate penological concern." *Id.* (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)).

In the present matter, Magistrate Judge Baxter correctly held that Plaintiff has failed to show that no question of fact exists regarding the issue of his legal mail not being sent out as instructed.  Plaintiff has not produced any evidence showing that Defendant Kupiec's conduct was deliberate and malicious.  Plaintiff states that the apology letter received from Defendant Kupiec was an admission to the error in mailing.  *See* Dkt. No. 56 at 25.  However, as Magistrate Judge Baxter noted, the fact that Defendant Kupiec responded to Plaintiff's complaint, apologized to Plaintiff for the error, and issued him a reimbursement does not establish that her conduct was deliberate and malicious.  *See* Dkt. No. 54 at 14.

Plaintiff also refers to his claim that Defendant Kupiec lost or destroyed his mail, specifically his test scores, in retaliation for grievances filed.  *See* Dkt. No. 54 at 15; Dkt. No. 56 at 25.  Although Plaintiff may be able to succeed on a claim for interference with incoming non-legal mail by showing that a pattern and practice of interference exists between the two packages that were allegedly destroyed or missing, and the destruction of his test scores, that was not justified by any legitimate penological interest, questions of fact remain as to who committed the violations with respect to the two packages, and with regard to Defendant Kupiec's motive in ripping Plaintiff's mail, as noted by Magistrate Judge Baxter.  *See* Dkt. No. 54 at 15.[10]

---

[10] In a letter from Defendant Kupiec to Plaintiff, Defendant Kupiec apologizes for tearing the test scores because she mistook them for advertisements that could not be forwarded.  *See*

(continued...)

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly held that questions of fact exist which preclude summary judgment at this time.

### e. Supervisory Officials

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). "'[W]hen monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.'" *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.)). There is a sufficient showing of personal responsibility of a defendant if (1) the defendant directly participated in the alleged constitutional deprivation; (2) the defendant is a supervisory official who failed to correct the wrong after learning about it through a report or appeal; (3) the defendant is a supervisory official who created a policy or custom under which the constitutional deprivation occurred, or allowed such a policy or custom to continue; or (4) the defendant is a supervisory official that was grossly negligent in managing subordinates who caused the constitutional deprivation. *See id.* (quoting *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

It is well-settled that receipt of letters or grievances, by itself, does not amount to personal involvement. *See Vega v. Artus*, 610 F. Supp. 2d 185, 199 (N.D.N.Y. 2009). Further, "[p]rison supervisors are entitled to refer letters of complaint to subordinates, and rely on those subordinates to conduct an appropriate investigation and response, without rendering the

---

[10](...continued)
Dkt. No. 48-2, Ex. S.

supervisors personally involved in the constitutional violations alleged in the letters of complaint."  *Id.* at 199 n.13 (citations omitted); *see also Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

Magistrate Judge Baxter correctly held that, because there are remaining questions of fact as to whether any unlawful violations actually occurred, Plaintiff's motion for summary judgment as to Defendants Boll and Fischer must be denied.  Moreover, contrary to Plaintiff's assertion, Magistrate Judge Baxter did, in fact, address his claims against Defendants Fischer and Boll and correctly found that summary judgment as to those Defendants was inappropriate at this time. *See* Dkt. No. 54 at 6 n.10, 16-17.

Based on the foregoing, the Court finds that Plaintiff has failed to establish that he is entitled to summary judgment as to Defendants Boll and Fischer.

### *f. Other Objections*

In his tenth objection, Plaintiff states that the Report-Recommendation is in violation of Local Rule 7.1(a)(1) in that it contains citations to decisions exclusively reported on computerized databases, and copies of those decisions were not affixed to the Report-Recommendation.  *See* Dkt. No. 56 at 21-22.  By the very language of Local Rule 7.1(a)(1), however, this Local Rule is only applicable to parties, not the court.  *See* LOCAL RULES N.D.N.Y. 7.1(a)(1).[11]

With regards to his twelfth objection, Plaintiff is not being "condimed [sic] for taking appropriate action" with respect to dismissing his own Court of Claims action.  Magistrate Judge Baxter noted with respect to this claim, that "[i]f an injury exists, there is at least a question of

fact regarding the causation of the injury to plaintiff's legal claim." *See* Dkt. No. 54 at 16; Dkt. No. 56 at 29.  Plaintiff still has the opportunity to prove this claim at trial.

Plaintiff also objects to Magistrate Judge Baxter "granting" Defendants' second letter motion for an extension.  Plaintiff's objection is without merit because, quite simply, Defendant's second letter motion to stay discovery was denied by Magistrate Judge Baxter in a text order dated May 15, 2012.

The Court has reviewed Plaintiff's remaining objections and finds that they are meritless and often quite difficult to comprehend.


## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's March 22, 2012 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motions for preliminary injunctive relief (Dkt. No. 35) and for summary judgment (Dkt. No. 48) are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 9, 2012
   Albany, New York

Mae A. D'Agostino
U.S. District Judge