**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK GUILLORY,**

        **Plaintiff,**

 vs.                9:11-CV-600
                      (MAD/ATB)

**KURT ELLIS, Cleric, Mid-State Correctional**
**Facility; KYLE READY, Correctional Officer,**
**Mid-State Correctional Facility; THEDA KUPIEC,**
**Senior Mail Room Supervisor, Mid-State**
**Correctional Facility; SHEILA MARLENGA,**
**Facility Steward, Mid-State Correctional Facility;**
**MAUREEN BOLL, Deputy Commissioner,**
**Department of Corrections and Community**
**Supervision; and BRIAN FISCHER,**
**Commissioner, Department of Corrections and**
**Community Supervision,**

        **Defendants.**
_____

**APPEARANCES:**            **OF COUNSEL:**

**PATRICK GUILLORY**
**09-B-0714**
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**     **ADELE M. TAYLOR-SCOTT, AAG**
**STATE ATTORNEY GENERAL**    **GREGORY J. RODRIGUEZ, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

   In this civil rights action, Plaintiff alleges that Defendants subjected him to religious

discrimination, denial of access to the courts, and retaliation for the exercise of his First

Amendment Rights, while he was incarcerated at Mid-State Correctional Facility ("Mid-State C.F."). *See* Dkt. No. 1. Plaintiff seeks monetary and injunctive relief.

Presently before the Court is Magistrate Judge Baxter's April 3, 2013 Order and Report-Recommendation, in which Magistrate Judge Baxter denied Plaintiff's motion seeking Magistrate Judge Baxter's recusal (Dkt. No. 140), Plaintiff's motion to change venue (Dkt. Nos. 139, 145), and Plaintiff's motion for a "court appearance" (Dkt. No. 144). *See* Dkt. No. 148. Moreover, Magistrate Judge Baxter recommended that the Court grant Defendants' motion for judgment on the pleadings (Dkt. No. 123) only as to the Equal Protection claim against Defendant Ready, but deny the motion in all other respects. *See id.* Further, Magistrate Judge Baxter recommended that, if the Court accepts his recommendation, the Court lift the stay and order Defendants to respond to Plaintiff's motion to compel. *See id.* Although not addressed by Magistrate Judge Baxter, also before the Court are Plaintiff's motion seeking the Court's recusal (Dkt. No. 140) and his motion for reconsideration of this Court's October 9, 2012 Decision and Order, in which the Court denied appeals from orders issued by Magistrate Judge Baxter. *See* Dkt. No. 122.

## II. DISCUSSION

**A.    Review of a Magistrate Judge's Decision**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection in made." 28 U.S.C. § 636(b)(1) (2006). However, when a party files "[g]eneral or conclusory objection or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court review those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1

(N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"Pre-trial discovery issues are generally considered non-dispositive matters." *Statewide Aquastore, Inc. v. Pelseal Techn., LLC*, No. 06–CV–0093, 2010 WL 610685, *2 (N.D.N.Y. Feb. 17, 2010) (citation omitted). "When considering an appeal from a magistrate judge's ruling on a non-dispositive matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it finds to be 'clearly erroneous or contrary to law.'" *Statewide Aquastore, Inc.*, 2010 WL 610685, at *2 (quoting 28 U.S.C. § 636(b)(1)(A), and Fed. R. Civ. P. 72(a)).

A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (citation omitted). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (quotation and other citation omitted). "Considering that magistrate judges are given broad discretion with respect to pre-trial discovery matters, reversal is warranted only when that discretion is abused." *Tompkins*, 92 F. Supp. 2d at 74 (citation omitted).

**B.    Recusal**

Federal judges must recuse themselves from cases in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Adverse "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a

deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

In his motion seeking this Court's and Magistrate Judge Baxter's recusal, Plaintiff states that he is "making a simple letter request asking that both of my judge's recuse themselves from the above referenced case because both of them knew that Jews were being beaten, starved, and having their property destroyed for simply engaging in protected conduct." *See* Dkt. No. 140. Plaintiff claims that, despite this knowledge, both judges failed to take any ameliorative action and instead, simply sat "on the bench eating [C]heetos doing nothing whatsoever with the exception of kissing all of the defendants['] motions." *See id.* at 1.[1]  Further, he states that "[m]y Judges could not give two poops about Jews or our Constitutional rights to engage in protected conduct." *See id.*

In the present matter, Plaintiff's conclusory allegations of bias and indifference do not warrant recusal.  Plaintiff has offered no objective facts to suggest that this Court, or Magistrate Judge Baxter, has any personal bias against Plaintiff or his religion.  The mere fact that the Court has ruled against Plaintiff during the course of this litigation is insufficient to establish that the presiding judge is biased against Plaintiff or his religion.  *See Clemmons v. Commissioner of Soc. Sec.*, No. 11-cv-1645, 2011 WL 6130926, *6-7 (E.D.N.Y. Dec. 8, 2011); *Farkas v. Ellis*, 768 F. Supp. 476 (S.D.N.Y. 1991).  Plaintiff's objections to Magistrate Judge Baxter's Order and Report-Recommendation make clear that Plaintiff's desire for the Court to recuse itself stems primarily

---

[1] Plaintiff claims that he did not "come-up with the 'They just eat Cheetoes on the Bench'" comment he made throughout his motion for recusal.  *See* Dkt. No. 152 at 4.  Specifically, Plaintiff claims that the following comment was first made by Ms. Taylor-Scott during Plaintiff's deposition in response to Plaintiff's inquiry regarding what federal judges do when they are not hearing cases: "'Sitting back eating [C]heetoes and granting our motions.'"  *See id.*

from rulings against Plaintiff's interests, which is insufficient to support recusal. *See* Dkt. No. 153 at 3-4.

Further, Plaintiff's suggestion that the Court has intentionally delayed this case to facilitate alleged mistreated beyond the scope of the complaint is misplaced. As Magistrate Judge Baxter correctly pointed out, this is not the only civil action currently pending before the Court and, generally speaking, motions are handled in the order in which they are received. Further, although Defendants' actions have certainly caused some delay, Plaintiff's countless motions and an unauthorized appeal have substantially contributed to any delay.

Based on the foregoing, the Court denies Plaintiff's motion for recusal.

**C.    Change of venue**

Section 1404(a) of Title 28 of the United States Code authorizes "a district court '[f]or convenience of the parties and witnesses, in the interests of justice' to move venue to any other district or division where the suit might have been brought." *Mills v. Beech Aircraft Corp. Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) (quoting 28 U.S.C. Section 1404(a) (1982)). The transfer statute is designed to prevent waste of resources and to protect litigants, witnesses, and the public from unnecessary inconvenience or expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

"'Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer.'" *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 448-49 (N.D.N.Y. 2007) (quotation omitted). In analyzing a motion to transfer venue under section 1404(a), a court should consider (1) the weight to be given the plaintiff's choice of forum;

5

(2) the relative means of the parties; (3) the convenience of the witnesses; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the location of the relevant documents and the relative ease of access to those sources of proof; (7) the convenience of the parties; (8) the comparative familiarity of each district with the governing law; and (9) judicial efficiency and the interests of justice. *See Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs., Inc.*, No. 07-CV-1191, 2008 WL 4890377, *1 (N.D.N.Y. Nov. 12, 2008) (quoting *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 449 (N.D.N.Y. 2007)). The decision to transfer venue is entrusted to the sound discretion of the trial court, *see Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) (citations omitted); and the party seeking transfer bears the burden of proof, *see Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 449 (N.D.N.Y. 2007).

As Magistrate Judge Baxter correctly found, venue is proper in the Northern District of New York and Plaintiff's motions to transfer venue (Dkt. Nos. 139, 145) should be denied. *See* Dkt. No. 148 at 7.[2] All parties to this action reside in this District, all events transpired in this District, and all documents and witnesses are in this District. As such, the Court finds that Magistrate Judge Baxter correctly denied Plaintiff's motion to transfer venue.

**D.     Plaintiff's motion for summary judgment**

Throughout his objections, Plaintiff repeatedly argues that the Court erred in denying his motion for summary judgment because Defendants failed to properly respond, in that they failed to refute the facts set forth in his Rule 7.1 statement. *See* Dkt. No. 154 at 3-5. Plaintiff believes

---

[2] Although Plaintiff claims that he "accept[s] the Court[']s position on the Change of Venue issue[,]" the Court will still briefly address this claim.

that a double standard is being applied by this Court and Magistrate Judge Baxter, in which Defendants' failures to follow the rules of the Court are forgiven, yet prisoners' failures to follow the same rules result in dismissal. *See id.* at 5-6.

Contrary to Plaintiff's position, the Court is not holding prisoners to a higher standard. First, Plaintiff's motion for summary judgment was filed on December 29, 2011, just over two months after Defendants were served with the complaint. *See* Dkt. Nos. 25-28, 48. Pursuant to the mandatory pretrial scheduling order, which was filed on December 8, 2011, discovery was to be completed on or before April 5, 2012, and dispositive motions were to be filed by July 4, 2012. *See* Dkt. No. 47. As such, Plaintiff's motion was clearly premature since discovery had not yet taken place.

Second, although Plaintiff did attach many exhibits to his motion, as the Court pointed out in its decision denying the motion, the documents themselves created issues of fact which precluded the Court from granting the motion. *See* Dkt. No. 54 at 9-17. Even though Defendants failed to refute Plaintiff's allegations of material fact, as required by Local Rule 7.1, the Court is still required to ensure that the assertions in the moving parties' Rule 7.1 statement are supported by evidence in the record before it may grant an unopposed motion for summary judgment. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co. Inc.*, 373 F.3d 241, 244, 246 (2d Cir. 2004) (noting that the non-movant's failure to oppose a motion for summary judgment "allow[s] the district court to accept the movant's factual assertions as true," provided that the court is "satisfied that the citation to evidence in the record supports the assertion"). Quite simply, even though Defendants failed to properly oppose the motion, Plaintiff's motion for summary judgment failed to provide the Court with sufficient evidentiary support. Further, although the motion was

7

denied, the Court did not preclude Plaintiff from moving for summary judgment after the parties were given a chance for discovery.

**E.    Defendants' motion for judgment on the pleadings**

In his Order and Report-Recommendation, Magistrate Judge Baxter recommended denying Defendants' motion for judgment on the pleadings as to both the First Amendment and the RLUIPA claims against Defendants Ellis and Ready, "including [P]laintiff's separate claim against [D]efendant Ready, alleging that his actions were in retaliation for [P]laintiff's earlier grievance." *See* Dkt. No. 148 at 15.  Moreover, Magistrate Judge Baxter recommended that the Court dismiss Plaintiff's Equal Protection claim against Defendant Ready, finding that there were insufficient factual assertions, both in the complaint and Plaintiff's response to the motion.  *See id.* at 16-18.  The report, however, recommends that Plaintiff be permitted to amend his complaint as to this claim.  *See id.*

Next, Magistrate Judge Baxter recommended that the Court deny Defendants' motion for judgment on the pleadings as to Plaintiff's claims relating to interference with his mail, access to the courts, and retaliation.  *See id.* at 22.  Finally, Magistrate Judge Baxter recommended that the Court find that Plaintiff has sufficiently pled the personal involvement of Defendants Fischer and Boll.  *See id.* at 23-25.

In his objections to the Order and Report-Recommendation, Plaintiff does not specifically object to Magistrate Judge Baxter's findings regarding the disposition of this motion.  *See* Dkt. No. 152 at 5.  In fact, he states that he does not intend to amend the complaint if the Court accept's Magistrate Judge Baxter's recommendation to dismiss his Equal Protection claim.  *See id.* Plaintiff does, however, take issue with Magistrate Judge Baxter's statements that he "makes no

8

ruling or recommendation regarding whether the case would survive a properly supported motion for summary judgment, which could include affidavits from [D]efendants." *See* Dkt. No. 148 at 15 n.8., 22-23.  Specifically, Plaintiff seems to indicate that this statement implies that Defendants can now file a motion for summary judgment and argues that they are "barred from filing such a motion for summary judgment[.]"  *See* Dkt. No. 154 at 5-6.

The Rule 12(c) standard for judgment on the pleadings is essentially the same as the standard that courts apply to a motion to dismiss under Rule 12(b)(6).  *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009) (quotation omitted).  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief

9

above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

Having reviewed the Order and Report-Recommendation, the complaint and the parties' submissions, the Court finds that Magistrate Judge Baxter correctly recommended that Defendants' motion for judgment on the pleadings should only be granted as to Plaintiff's Equal Protection claim against Defendant Ready. Plaintiff's bare allegations that Defendant Ready treated inmates of the Jewish religion differently than those of other religions, *see* Dkt. No. 1 at ¶ 40, are insufficient to support a plausible Equal Protection claim. Plaintiff's response to the motion adds no additional facts to support his claim that he was treated differently than other inmates because of his faith.

10

In his response to Defendants' motion, Plaintiff argues that the Court already found that he pleaded this claim sufficiently. *See* Dkt. No. 129 at 11-14. Magistrate Judge Baxter correctly rejected this argument, finding that simply because the Court declined to *sua sponte* dismiss the claim, does not mean that the claim will survive a motion to dismiss. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). The Court's initial review of the case pursuant to 28 U.S.C. § 1915 does not preclude the Court from dismissing a claim after the defendants have filed a motion to dismiss or for judgment on the pleadings. *See id.*

Finally, to the extent that Plaintiff takes issue with Magistrate Judge Baxter's statement that the report takes no position as to whether the surviving claims could withstand a properly filed motion for summary judgment, his argument is premature because Defendants have not moved for summary judgment and have not indicated whether they intend to do so.

Based on the foregoing, the Court adopts Magistrate Judge Baxter's Order and Report-Recommendation as it relates to Defendants' motion for judgment on the pleadings. In light of this decision, the Court orders that the stay is lifted and that Defendants have twenty-one (21) days to respond to Plaintiff's motion to compel.

**F.    Plaintiff's motion for reconsideration**

In a motion dated October 27, 2012, Plaintiff seeks reconsideration of the Court's October 9, 2012 Decision and Order. *See* Dkt. No. 122. In the Decision and Order, the Court denied Plaintiff's appeals of Magistrate Judge Baxter's June 13, 2012 and September 11, 2012 orders (Dkt. Nos. 75, 108). In the June 13, 2012 Decision and Order, Magistrate Judge Baxter (1) denied as moot Plaintiff's motions to compel discovery (Dkt. Nos. 64, 68); (2) denied as moot Plaintiff's motion to strike (Dkt. No. 65); (3) denied Plaintiff's motion for sanctions (Dkt. No. 66);

11

and (4) extended the discovery and dispositive motion deadline. *See* Dkt. No. 75. In the September 11, 2012 Decision and Order, Magistrate Judge Baxter (1) granted Plaintiff's motion to compel discovery requests directed to Defendants Fischer, Boll and Marlenga (Dkt. No. 96); (2) denied Plaintiff's other pending motions to compel discovery and for sanctions (Dkt. Nos. 88, 99, 101-103, 105); and (3) barred Plaintiff from making further motions to compel additional responses with respect to the discovery requests directed to Defendants Ready, Kupiec, and Ellis. *See* Dkt. No. 108.

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. ( In re C–TC 9th Ave. P'ship )*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court has reviewed Plaintiff's motion for reconsideration of the October 9, 2012 Decision and Order and finds that Plaintiff has presented no grounds to justify the requested

relief. Plaintiff again argues that Defendants' counsel has failed to comply with its discovery obligations and states that the Court erred in overlooking several of these failures. *See* Dkt. No. 122 at 2-4. Further, Plaintiff argues that the Court erred in not granting his motion for sanctions against Defendants' counsel and claims that the Court will only grant such motions when made by the Government. *See id.* at 4.

In a supplement to his motion for reconsideration, Plaintiff argues that this Court ignored controlling case law, citing to *Shelley v. Kraemer*, 334 U.S. 1 (1948). *See* Dkt. No. 125 at 1-2. Plaintiff, however, does not expand on how the Court violated any of the Supreme Court's holdings in the *Shelley* case, in which the Supreme Court held that a state's action was unconstitutional which had affirmatively enforced a private scheme of discrimination against African Americans. Rather, Plaintiff simply accuses the Court of only granting motions brought by the Government and accuses the Court of "using Jim Crow methods in [its] decisions to segregate prisoners to 1st Circuit decisions[.]" *See id.* at 2.

Plaintiff's conclusory allegations are insufficient to justify the requested relief. He has not presented the Court with any intervening change in law, any new evidence, or any error made by the Court. It is clear that Plaintiff's motion for "reconsideration" does nothing more than state his displeasure at the Court's rulings in the October 9, 2012 Decision and Order.

Based on the foregoing, the Court denies Plaintiff's motion for reconsideration (Dkt. No. 122).

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court

hereby

**ORDERS** that Magistrate Judge Baxter's April 3, 2013 Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion to recuse the Court (Dkt. No. 140) is **DENIED**;[3] and the Court further

**ORDERS** that Plaintiff's motions to change venue (Dkt. Nos. 139, 145) are **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for a "court appearance" (Dkt. No. 144) is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings (Dkt. No. 123) is **GRANTED in part and DENIED in part**;[4]

**ORDERS** that Plaintiff's Equal Protection claim against Defendant Ready is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 122) is **DENIED**; and the Court further

**ORDERS** that the stay in this action imposed by the Court on November 8, 2012 is lifted; and the Court further

**ORDERS** that Defendants shall respond to Plaintiff's motion to compel (Dkt. No. 119)

---

[3] To the extent that Plaintiff's objections to the Order and Report-Recommendation can be construed as an appeal of Magistrate Judge Baxter's order denying the recusal motion as it relates to him, the Court finds that Magistrate Judge Baxter did not err in his determination that the motion should be denied.

[4] As set forth herein, Defendants' motion for judgment on the pleadings is granted only as to the Equal Protection claim against Defendant Ready.

14

within **TWENTY-ONE (21) DAYS** of the filing date of this Memorandum-Decision and Order; and the Court further

  **ORDERS** that all additional pretrial matters are referred to Magistrate Judge Baxter; and the Court further

  **ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 14, 2013
   Albany, New York

                 Mae A. D'Agostino
                 U.S. District Judge